**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **HILDA ELIZABETH MARQUEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No.  4:22-cv-00319-O |
| | § | |
| **QUIKTRIP CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

## OPINION & ORDER

Before the Court are Defendant QuikTrip Corporation's Motion for Summary Judgment (the "Motion") (ECF No. 17), filed January 27, 2023; Plaintiff Hilda Marquez's Response (ECF No. 21), filed March 3, 2023; and Defendant's Reply (ECF No. 23), filed March 17, 2023. For the following reasons, the Motion is hereby **DENIED in part** and **GRANTED in part**.

### I.    Factual Background[1]

On October 1, 2021, Plaintiff Hilda Marquez entered a QuikTrip gas station located at 109 East Northside Drive in Fort Worth, Texas to utilize the women's restroom. Video surveillance shows that upon entering the gas station, Plaintiff walked past several yellow warning cones on her way to the restroom, including one located just outside of the restroom's entrance. Plaintiff entered an empty stall and locked the door behind her. As she was standing up from the toilet, Plaintiff slipped on a watery substance on the floor. Plaintiff fell backwards and hit her head on the toilet. Plaintiff then called her husband for help.

---

[1] Unless otherwise specified, the Court's recounting of the facts in this case is drawn from briefing submitted by the parties. *See generally* Def.'s Br. in Supp. of Mot., ECF No. 18; Pl.'s Resp. Br., ECF No. 22; Def.'s Reply, ECF No. 23.

Plaintiff filed this lawsuit on November 19, 2021, bringing claims for negligence and premises liability.[2] Defendant removed the case to this Court on April 14, 2022. On January 27, 2023, Defendant filed its Motion for Summary Judgment.[3] Plaintiff filed her Response on March 3, 2023.[4] Defendant filed its Reply on March 17, 2023.[5] The Motion is now ripe for the Court's review.

## II.    Legal Standard

Summary judgment is appropriate only where the pleadings and evidence show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is not "a disfavored procedural shortcut, but rather . . . an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he substantive law will identify which facts are material." *Id.* The movant must inform the Court of the basis for its motion and identify the portions of the record that reveal there are no genuine disputes of material fact. *Celotex*, 477 U.S. at 323.

The Court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). "Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id.* And if there appears to be some support for disputed allegations, such that

---

[2] Pl.'s Orig. Petition, ECF No. 1-2.
[3] Def.'s Mot., ECF No. 17.
[4] Pl.'s Resp., ECF No. 21.
[5] Def.'s Reply, ECF No. 23.

"reasonable minds could differ as to the import of the evidence," the Court must deny the motion for summary judgment. *Anderson*, 477 U.S. at 250.

The opposing party must "identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Therefore, where the opposing party fails to respond to a motion for summary judgment, the court may "accept[] as undisputed the facts so listed in support of [the] motion." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The Court may grant the motion if the materials submitted make a *prima facie* showing that the moving party is entitled to judgment. *Id.*

### III.    Analysis

Under Texas law, a premises owner "has a duty to exercise reasonable care to make the premises safe for invitees." *Seigler v. Wal-Mart Stores Texas, L.L.C.*, 30 F.4th 472, 478 (5th Cir. 2022) (quoting *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015)). To prevail on a premises liability claim, a plaintiff must prove four elements: "(1) Actual or constructive knowledge of some condition on the premises by the owner/operator; (2) That the condition posed an unreasonable risk of harm; (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries." *Id.* at 479 (quoting *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)).

Defendant argues for summary judgment against Plaintiff's premises liability claim on three grounds. First, that Defendant lacked actual or constructive notice of the particular hazardous condition that injured Plaintiff. Second, that Defendant adequately warned Plaintiff of the hazard. And third, that the hazard that injured Plaintiff was open and obvious. Because a reasonable jury

may find in Plaintiff's favor on each of these issues, the Court must deny Defendant's Motion as to Plaintiff's premises liability claim. The Court also dismisses Plaintiff's negligence claim because she has waived it.

### 1. Actual or Constructive Notice

Defendant first contends that Plaintiff's premises liability claim fails because Plaintiff cannot establish Defendant's actual or constructive notice as she testified during her deposition that she does not know: (1) where the liquid she slipped on came from; (2) how long the liquid had been on the ground before she slipped; (3) whether anyone knew about the liquid before she slipped; and (4) when Defendant last inspected the area where Plaintiff slipped before she slipped.[6] However, the Court cannot grant summary judgment based on this factor, since the nature of the wet hazard that Plaintiff slipped on is a disputed material fact.

In a slip and fall case, a plaintiff can establish a defendant's actual notice by proving that: "(1) the defendant put the foreign substance on the floor or that (2) the defendant knew that the foreign substance was on the floor and failed to remove it." *Murray v. Chick-fil-A, Inc.*, No. 9-14-CV-11, 2014 WL 11282893, at *2 (E.D. Tex. Dec. 17, 2014), *aff'd*, 626 F. App'x 515 (5th Cir. 2015) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992)).

Alternatively, to prove constructive notice, "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Seigler*, 30 F.4th at 479 (quoting *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002)). In determining whether a premises owner had constructive knowledge, a court may consider the combination of (1) the length of the time the hazard existed, (2) the proximity of employees to the hazard, and (3) the conspicuousness of the

---

[6] Def.'s App. 023–24, ECF No. 18-2.

hazard. *Id.* (citing *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567–68 (Tex. 2006)). "[M]ere proximity of an employee to a spill, without evidence of when or how it came to be on the floor, [is] legally insufficient to charge a premises owner with constructive notice of the hazard." *Id.* (quoting *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d at 567).

Plaintiff contends that Defendant had actual notice because Defendant's employee Ms. Alexis Oakes stated in her deposition that she mopped the floor and verbally warned other customers that the restroom floor was wet.[7] Defendant counters that it is equally likely the liquid on the floor was caused by something other than the act of mopping.[8] Further, Defendant highlights that Plaintiff testified to slipping on a single "small puddle" of liquid at the base of the toilet, not on a freshly-mopped floor.[9]

Looking at Ms. Oakes' deposition, she states that she "probably mopped the whole bathroom" less than twenty minutes before Plaintiff's slip and fall.[10] Upon being shown surveillance footage of herself speaking to a woman immediately after mopping the restroom, Ms. Oakes was asked if she warned the woman about the wet floor in the restroom, to which Ms. Oakes replied, "I believe so, yes."[11] She further stated that, not long before the Plaintiff's accident, she was aware the restroom floor was wet.[12] Therefore, Defendant's employee had actual knowledge that the restroom floor was wet minutes before Plaintiff's accident. The issue is whether the liquid Plaintiff slipped on came from the mopping, or rather, whether it came from some other source.

---

[7] Pl.'s Resp. Br. 13, ECF No. 22.
[8] Def.'s Reply 4, ECF No. 23.
[9] *Id.* at 4–5; Def.'s App. 017, ECF No. 18-2.
[10] Pl.'s App. 18, ECF No. 22-2. Specifically, Ms. Oakes went to the restroom to mop the floor around 1:42 p.m. *Id.* at 20. Plaintiff was recorded entering the restroom around 1:57 p.m. Def.'s App. 021–022, ECF No. 18-2.
[11] Pl.'s App. 20, ECF No. 22-2.
[12] *Id.* at 21.

Overall, the Court finds there is a genuine fact issue as to whether Defendant had actual notice of the particular source of the wetness on the floor that caused Plaintiff's fall. It is not for the Court to decide whether the "small puddle" of liquid Plaintiff slipped on was caused by Ms. Oakes' mopping or whether it came from some other unknown source. Therefore, summary judgment on such grounds is **DENIED**.

### 2. Adequate Warning

Defendant next contends that summary judgment is warranted as to Plaintiff's premises liability claim because Plaintiff was adequately warned.[13] Specifically, the video surveillance footage shows that Plaintiff passed three warning cones on her way to the restroom, including one located just outside the restroom's entrance.[14] Plaintiff counters that the placement of the warning cones does not conclusively satisfy Defendant's duty to warn especially because the cones were placed in a different room than where the dangerous condition was located.[15] On these facts, the Court cannot grant summary judgment on this issue in favor of Defendant.

"Under Texas law, the adequacy of a warning generally presents a question of fact, but it can be considered as a matter of law if the evidence conclusively establishes that the property owner adequately warned of the condition." *Estes v. Wal-Mart Stores Texas, L.L.C.*, No. 3:16-CV-02057-M, 2017 WL 2778108, at *3 (N.D. Tex. June 27, 2017). "If the evidence conclusively establishes that the property owner adequately warned the injured party of the condition, then the property owner was not negligent as a matter of law." *Bisacca v. Pilot Travel Centers, LLC*, 476 F. Supp. 3d 429, 435 (N.D. Tex. 2020) (quoting *Henkel v. Norman*, 441 S.W.3d 249, 252 (Tex. 2014)).  To be adequate, a warning must be more than a general instruction such as "be careful";

---

[13] Def.'s Br. in Supp. of Mot. 14, ECF No. 18.
[14] *Id.* at 16.
[15] Pl.'s Resp. Br. 14–15, ECF No. 22.

the warning must notify of the particular hazardous condition. *Id.* (quoting *Henkel*, 441 S.W.3d at 252).

This case is similar to another case within the Fifth Circuit, *King v. Kroger Texas L.P.*, No. 3:14-CV-2905-D, 2015 WL 1823042 (N.D. Tex. Apr. 22, 2015). In *King*, due to snowy weather, defendant Kroger placed a carpeted mat over the tile flooring situated where the automatic double doors opened from the breezeway to the main store floor. *Id.* at *2. Kroger also placed a yellow cone at the automatic double doors. *Id.* Video surveillance footage showed the plaintiff stepping from the carpeted mat onto the linoleum tile flooring, and immediately slipping and falling. *Id.* The court found that the cone did not conclusively establish that Kroger adequately warned the plaintiff of the condition. *Id.* at *3. The court focused on the fact that the warning cone was located in the breezeway, not at the point where the mat ended and the linoleum tile began, finding it reasonable that an invitee might not have understood where the dangerous condition was situated. *Id.*

Likewise, in this case, while Plaintiff passed three warning cones on her way to the QuikTrip restroom, none of them were located in the restroom where Plaintiff fell. The Court finds it is reasonable that an invitee such as Plaintiff might not, based on the cones' location elsewhere in the store, have understood that the restroom floor could be wet. Therefore, the Court cannot say that the evidence conclusively establishes that Defendant adequately warned Plaintiff of the condition. Summary judgment on such grounds is **DENIED**.

### 3. Open and Obvious

Defendant next contends that summary judgment is warranted because Plaintiff had as much opportunity as any of Defendant's employees to observe the liquid on the floor before she

slipped.[16] Plaintiff counters that she did not notice the wet floor until after she fell, and that Defendant's employee Ms. Oakes clearly did not believe the wet floor in the restroom was open and obvious since she warned another customer about the condition.[17] Once again, on these facts, the Court must deny Defendant's Motion as to this issue.

> Under Texas law:
>
> When the condition is open and obvious or known to the invitee, however, the landowner is not in a better position to discover it. When invitees are aware of dangerous premises conditions—whether because the danger is obvious or because the landowner provided an adequate warning—the condition will, in most cases, no longer pose an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises.

*Ille v. Lowe's Home Centers, LLC*, No. 1:20-CV-143-H, 2021 WL 6063112, at *4 (N.D. Tex. Dec. 20, 2021) (quoting *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015)).

"Whether a danger is open and obvious is a question of law determined under an objective test." *Id.* (quoting *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021)). "The question is whether the danger is 'so open and obvious that as a matter of law [the plaintiff] will be charged with knowledge and appreciation thereof.'" *Id.* (quoting *Los Compadres Pescadores, L.L.C.*, 622 S.W.3d at 788) (alterations in original). "Under the objective standard, the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances." *Id.* (citation omitted). Typically, a condition is found to be open and obvious where there are "distinctive, conspicuous features inherent in the condition relative to its surroundings, the extent to which the condition is unobscured from view," and "the plaintiff was, or a reasonable person—with plaintiff's degree of familiarity under similar circumstances—would have been, aware of the condition." *Id.*

---

[16] Def.'s Br. in Supp. of Mot. 18, ECF No. 18.
[17] Pl.'s Resp. Br. 17, ECF No. 22.

In this case, the Court finds that fact issues exist at this stage as to whether the dangerous condition of the liquid on the restroom floor was open and obvious. Defendant has not provided evidence that the "small puddle" of liquid Plaintiff slipped on was distinctive or conspicuous relative to its surroundings or that a reasonably prudent person under the circumstances would have been aware of the liquid. Therefore, summary judgment based on the open and obvious nature of the liquid is **DENIED**.

### 4. Negligence

Defendant lastly contends that Plaintiff cannot maintain a negligence claim under Texas law.[18] Plaintiff states that she no longer wishes to pursue her claim for negligence.[19] Accordingly, Plaintiff's negligence claim is **DISMISSED**.

## IV.   Conclusion

For the reasons listed above, Plaintiff's negligence claim is **DISMISSED** and summary judgment as to Plaintiff's premises liability claim is **DENIED**.

**SO ORDERED** on this **6th day of April, 2023.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[18] Def.'s Br. in Supp. of Mot. 19–20, ECF No. 18.
[19] Pl.'s Resp. Br. 19, ECF No. 22.